**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Paul WINESTOCK, Jr., Defendant–Appellant.**

**No. 01–8055.**

United States Court of Appeals, Fourth Circuit.

Submitted April 26, 2002.

Decided Aug. 26, 2002.

Paul Winestock, Jr., Appellant Pro Se.
Barbara Suzanne Skalla, Assistant United
States Attorney, Greenbelt, Maryland, for
Appellee.

Before WILKINS, LUTTIG, and
WILLIAMS, Circuit Judges.

Dismissed in part and vacated and
remanded in part by unpublished PER
CURIAM opinion.

## OPINION

PER CURIAM.

Paul Winestock, Jr., filed a motion under
28 U.S.C.A. § 2255 (West Supp.2001), chal-
lenging his drug trafficking conviction and
sentence, and a separate motion for return
of property seized by the government pur-
suant to his arrest. The district court
denied both motions in an order dated
November 5, 2001. Winestock timely ap-
pealed. For the reasons discussed below,
we dismiss in part and vacate and remand
in part for further proceedings.

Winestock's § 2255 motion asserted
claims under *Apprendi v. New Jersey*, 530
U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435
(2000). This court has held that *Apprendi*
does not apply retroactively to cases on
collateral review. *United States v. Sand-
ers*, 247 F.3d 139, 151 (4th Cir.), *cert.
denied*, —— U.S. ——, 122 S.Ct. 573, 151
L.Ed.2d 445 (2001). We therefore deny
Winestock's motion for a certificate of ap-
pealability as to his appeal from the denial
of his § 2255 motion[1] and dismiss the
appeal from the portion of the district
court's November 5, 2001, order denying
relief on Winestock's § 2255 motion.

Winestock filed a motion for return of
property dated December 20, 2000. The
government administratively forfeited the
property in 1991. Notification of the for-
feitures was sent to the Baltimore City Jail
and two other addresses, and was publish-
ed in the *Washington Times*. However,
Winestock was residing at a halfway house
from January 14, 1991, until April 10, 1992,
and asserted that he did not become aware
of the forfeitures until 1996. The district
court noted that Winestock may not have
received adequate notice, but concluded
that his action was barred by the six-year
statute of limitations.

As the district court correctly noted, the
applicable limitations period for an action
seeking return of forfeited property is six
years. 28 U.S.C. § 2401(a) (1994); *United
States v. Minor*, 228 F.3d 352, 359 (4th
Cir.2000). To decide whether Winestock
filed his action outside the six-year limita-
tions period, it is necessary to determine
when the cause of action accrued. The
cause of action accrues and the limitations
period begins to run on the date when the
movant first becomes aware that the gov-
ernment declared the property forfeited or
when, through an inquiry he reasonably
could have been expected to make, he
would have been aware of the forfeiture.
*Minor*, 228 F.3d at 359. In this case, the
record is not sufficiently developed to de-
termine when the cause of action accrued.

We therefore vacate the portion of the
district court's order denying relief on the
motion for return of property and remand
to the district court for a determination of
when the cause of action accrued and
whether Winestock's motion was timely
filed. If the motion was timely, Winestock
may proceed with his action and we fur-
ther direct the court to determine whether

---

1. As to Winestock's appeal from the district
court's order denying his motion for return of

property, no certificate of appealability is re-
quired.

the government gave Winestock adequate forfeiture notice in light of *Minor* and the Supreme Court's recent decision in *Dusenbery v. United States*, 534 U.S. 161, 122 S.Ct. 694, 151 L.Ed.2d 597, 70 U.S.L.W. 4044 (U.S. Jan. 8, 2002) (No. 00–6567). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*DISMISSED IN PART, VACATED AND REMANDED IN PART.*